[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16533

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01093-CV-W-N

EDDIE J. HAYNES,

Plaintiff-Appellee,

versus

CITY OF MONTGOMERY, ALABAMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 27, 2009)

Before CARNES and PRYOR, Circuit Judges, and DOWD,* District Judge.

PER CURIAM:

---

* Honorable David D. Dowd Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

The main question presented by this appeal is whether there was sufficient evidence for the jury to find that the City of Montgomery violated the Americans with Disabilities Act of 1990. 42 U.S.C. §§ 12101 et seq. After he was placed on involuntary leave and then terminated by the City from his position of firefighter, Eddie J. Haynes filed a complaint that the City had violated the Disability Act. At trial, the jury found for Haynes and awarded him $90,000 for back pay and $270,000 for emotional pain and mental anguish. The district court denied the motions of the City for a new trial or remittitur and for judgment as a matter of law.

The City argues that the evidence was insufficient for the jury to find that the City regarded Haynes as disabled and to find that Haynes's perceived disability motivated the City to terminate Haynes's employment, but we disagree. Sufficient evidence established that the City perceived Haynes as substantially limited from performing a broad range of jobs, including that of firefighter, because of his prescription medication. The notes and testimony of the doctor hired by the City to perform evaluations of firefighters established that the doctor would not have cleared Haynes to work in any safety-sensitive position or drive a vehicle of any kind, including a fire truck. Sufficient evidence also established that perception prompted the City to terminate Haynes's employment, not the desire of the City to

2

ensure the safety of Haynes, other firefighters, and the public. The City relied on the doctor's evaluation of Haynes in deciding not to return Haynes to duty, and the doctor admitted that other firefighters who were taking similar medication were not terminated or placed on leave. Because Haynes's regarded as disabled claim was an independent basis for the jury's verdict, we need not address the argument of the City that the evidence was insufficient for the jury to find against the City on its business necessity defense to Haynes's claim about qualifications standards.

The City also argues that it is entitled to a judgment as a matter of law because Haynes failed to mitigate his damages, but the City waived this argument when it failed to raise it in its motion for a judgment as a matter of law. Even if the argument were not waived, the jury was instructed about Haynes's duty to mitigate, and the evidence was sufficient for the jury to find in favor of Haynes.

The City also argues that the district court abused its discretion when it denied remittitur or a new trial because the jury award was excessive, it was prejudiced by Haynes's closing argument, and the jury instructions were erroneous. We disagree. First, neither the award of $90,000 for back pay nor $270,000 for emotional pain and mental anguish was "so large as to shock the conscience." Sykes v. McDowell, 786 F.2d 1098, 1105 (11th Cir. 1986) (internal quotation marks omitted). Second, Haynes's closing argument was based on a

3

reasonable inference from the record, and the City has not established that the argument, even if improper, was prejudicial. Third, the City argues that three modifications to the pattern jury instructions misled the jury, but none of the modifications failed to reflect accurately the law "in such a way that we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1196 (11th Cir. 2004) (internal quotation marks omitted).

The judgment of the district court is **AFFIRMED.**